IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JEROME KEITH ANTONE  #649602 | § | |
| v. | § | CIVIL ACTION NO. 9:07cv284 |
| TIMOTHY PRESCHEL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jerome Antone, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Antone complained that he was falsely charged with possession of contraband, with the result that he received punishments of 45 days of cell and commissary restrictions, reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 30 days of good time credits; he also says that he was told that he would have to see the classification committee for a custody change, meaning that he was going to be reduced to medium or close custody; however, when he did see the committee, he was told that he would continue to be housed in the minimum custody portion of the unit.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge construed Antone's complaint as a challenge to the disciplinary case which he had received, which is normally done through a habeas corpus proceeding. However, the Magistrate Judge said, in this case, Antone's claims will not entitle him

to accelerated release, because Antone is not eligible for release on mandatory supervision, and so a Section 1983 action is the proper vehicle for his claims.

The Magistrate Judge observed that to bring a procedural due process claim, Antone had to identify a protected liberty interest. However, Antone failed to do so. The Magistrate Judge referred to the Supreme Court's decision in <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995) and concluded that none of the deprivations imposed upon Antone as a result of the disciplinary case implicated any constitutionally protected liberty interests. Consequently, the Magistrate Judge recommended that the lawsuit be dismissed.

Antone filed objections to the Magistrate Judge's Report on December 13, 2007. The gravamen of these objections is that Antone claims a liberty interest in not being falsely accused of disciplinary violations or having fabricated evidence used against him, and he argues that even if his interest consists of nothing more than a "mere hope" of release on parole, he nonetheless should not be subjected to falsified disciplinary action, because this "mere hope" is also protected by the Due Process Clause. These contentions are contrary to the Supreme Court's holding in <u>Sandin</u>; were his arguments to be accepted, they would render <u>Sandin</u> meaningless because inmates could claim a liberty interest in any disciplinary proceeding simply by asserting that the charges were false or that the evidence was fabricated. *See* <u>Sandin</u>, 115 S.Ct. at 2300 (noting that "Conner asserts, incorrectly, that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation.") His claim that he has a liberty interest in the "mere hope" of release on parole is contrary to the Supreme Court's holding in <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 11 (1979), and the Fifth Circuit's holding in <u>Gilbertson v. Texas Board of Pardons and Paroles</u>, 993 F.2d 74, 75 (5th Cir. 1993). As the Supreme Court explained in <u>Sandin</u>, the "real concerns undergirding the liberty protected by the Due Process Clause" revolves around the nature of the deprivation. Here, none of the deprivations imposed upon Antone implicate a constitutionally protected liberty interest. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A(b).  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **17** day of **December, 2007.**

_____
Ron Clark, United States District Judge